# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JACQUELYN ZIMMERMAN**, *an individual,*

   *Plaintiff,*

v.

**SOLAR ENERGY WORLD, LLC**, *a Florida Corporation;* and*,*

**GEOFF MIRKIN**, *an individual,*

   *Defendants*

Case No:  8:21-cv-2631-MSS-JSS

<u>INJUNCTIVE RELIEF REQUESTED</u>

<u>DEMAND FOR A JURY TRIAL</u>

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff Jacquelyn Zimmerman ("Plaintiff") brings this action against Defendants, Solar Energy World, LLC and Geoff Mirkin (collectively "Defendants") Plaintiff alleges as follows upon personal knowledge, experience, investigation, and, as to all other matters, upon information and belief.

2.      This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 , as amended by Senate Bill No. 1120[1].

3.      Defendants market, sell and install solar panels on residential and commercial buildings throughout the United States, including Florida.

4.      To promote their goods and services Defendants conduct an aggressive telemarketing campaign, featuring the use of an artificial or prerecorded voice to play of a recorded sales message upon connection to Plaintiff's cellular telephone; ***Despite***, 1.) Plaintiff's cellular telephone number being registered on the National Do Not Call Registry; and, 2.)  failing to secure prior express written consent to call Plaintiff.

5.      By placing the telemarketing calls at issue in this Complaint, Defendants caused Plaintiff actual harm and cognizable legal injury. This includes invasion of privacy, annoyance, nuisance and disruption of Plaintiff's daily life.

6.      Through this action, Plaintiff seeks an injunction and statutory damages as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendants.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

**PARTIES**

7.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Manatee County, Florida.

8.     Defendant Solar Energy World, LLC. ("Defendant Solar") is a Florida Limited Liability Company with its principal place of business located at 201 Kelsey Lane Suite C Tampa, Florida 33619. Defendant Solar directs, markets, and provides business activities throughout the United States, including Florida, amd this District. Defendant Solar's registered agent for service of process is Danny Polk. Mr. Polk can be located at  201 Kelsey Lane, Suite C Tampa, Florida 33619

9.     Defendant Geoff Mirkin ("Defendant Mirkin")  is an individual who is a citizen of the State of Maryland. Defendant Mirkin's primary residence is located at 930 Rockborn St Gaithersburg, Maryland 20878. Defendant Mirkin is the CEO and owner of Solar Energy World LLC and  directs the day to day business and marketing activities and decisions relevant to this Action.

**JURISDICTION AND VENUE**

10.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

3

11.     In addition, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the subject matter of the state law claims asserted by Plaintiff because the facts surrounding those claims are so related to the claims brought under the TCPA that the same case and controversy arises.

12.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because: 1.) Defendant Solar and Defendant Mirkin are both deemed to reside in any judicial district in which they are subject to this  Court's personal jurisdiction; 2.) Defendant Solar and Defendant Mirkin both provide and market their services within this district; 3.) Defendant Solar, owned and operated by Defendant Mirkin, maintains a corporate office within this District; and, 4.) Defendant Solar has Registered Agent for service of process within this District. Defendants have thereby established sufficient contacts to subject each to personal jurisdiction. Venue is proper because Defendants transact business in this District and the acts giving rise to this action occurred in this District.

## LEGAL AUTHORITIES

### The Telephone Consumer Protection Act of 1991

13.     The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment.

4

14.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

15.     In an action under the TCPA, a plaintiff must only show that the defendant "called a  number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

16.     The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

17.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

18.     The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous *written* disclosure must be provided to the individual. *See 2012 FCC Order, 27 FCC Rcd. at 1839* ("[R]equiring prior written consent will better protect consumer privacy because

5

such consent requires conspicuous action by the consumer — providing

permission in writing — to authorize autodialed or prerecorded telemarketing

calls....").

19.     According to the FCC's findings, calls in violation of the TCPA are

prohibited because, as Congress found, automated or prerecorded telephone calls

are a greater nuisance and invasion of privacy than live solicitation calls, and

such calls can be costly and inconvenient. The FCC also recognized that wireless

customers are charged for incoming calls whether they pay in advance or after the

minutes are used. *See* *Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18

FCC Rcd 14014 (2003).

20.     In 2012, the FCC issued an order tightening the restrictions for

automated telemarketing calls, requiring "prior express written consent" for such

calls to wireless numbers. *See* *In the Matter of Rules & Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20

(Feb. 15, 2012) (emphasis supplied).

21.     To obtain express written consent for telemarketing calls, a

defendant must establish that it secured the plaintiff's signature in a form that

gives the plaintiff a "'*clear and conspicuous disclosure*' of the consequences of

providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, *a court must evaluate the ultimate purpose of the communication. See Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 820 (8th Cir. 2015).

23.     "Neither the TCPA nor its implementing regulations '*require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

24.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer*

7

*Protection Act of 1991*, 18 *FCC Rcd.* 14014, ¶¶ 139-142 (2003). This is true whether consumers are encouraged to rent, purchase or consume goods at the time the call is received or in the future. (emphasis supplied

25.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd.* 14014, ¶ 136 (2003).

26.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd.* 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

27.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robin*s, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

28.     Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133- cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine)).

29.     The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing In re Joint Petition Filed by Dish Network, LCC, 28 FCC. Rcd. 6574, 6574 (2013)). Principles of apparent authority and ratification may also provide a basis for vicarious seller liability for violations of section 227(b). *See Thomas v. Taco Bell Corp.,* 582 F. App'x 678 (9th Cir. 2014) (citing 28 F.C.C.

Rcd. at 6590 n. 124). A ratification occurs when the benefits of the purportedly unauthorized acts are accepted with full knowledge of the facts under circumstances demonstrating the intent to adopt the unauthorized arrangement. *Stalley v. Transitional Hosps. Corp. of Tampa, Inc.,* 44 So. 3d 627, 631 (Fla. 2d DCA 2010).

<u>The Florida Telephone Solicitation Act</u>

30.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

31.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

32.    "Prior express written consent" means an agreement in writing that:

   1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a pre recorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and,

4. Includes a clear and conspicuous disclosure informing the called party that:

   a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and,

   b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

## FACTUAL BACKGROUND

33. At all times relevant, Plaintiff was a citizen of the State of Florida.

34. Defendant Solar is "regional solar panel installation company for residential and commercial property owners serving Maryland, Virginia,

Delaware, Pennsylvania, New Jersey, North Carolina, Florida and Washington DC." [2]

35.    Defendant Solar markets, directs and conducts a large portion of it's business in the State of Florida.

36.    Defendant Solar's website states, in pertinent part, that all of its business activities are carried out by individuals who "work directly for Solar Energy World"  the site further states "above all, we [Defendant Solar] never hires  subcontractors."

37.    Defendant Mirkin is the CEO and owner of Solar Energy World LLC and is "is the driving force behind sales and growth."[3]

38.    Upon information and belief, Defendant Mirkin is responsible for and directs marketing operations of Defendant Solar and is directly involved with and is responsible for the implementation of Defiant Solar's tortious telemarketing campaign that has caused Plaintiff harm.

39.    Upon information and belief, Defendant Mirkin profits from Defendant solar telemarketing practices aimed at Plaintiff and others.

---

[2] https://www.solarenergyworld.com/about-us/
[3] https://www.solarenergyworld.com/team/geoff-mirkin/

40.     On or about June 21, 2021 Defendant Solar began placing or cause others to place unsolicited telemarketing calls to Plaintiff's cellular telephone number (***)***-2233 ("the 2233 Number"), despite it being listed on the National Do Not Call Registry ("DNC")[4]

41.     The calls were placed through the use of an automated system for the selection or dialing of telephone numbers, featuring the use of an artificial or prerecorded voice which played a telephonic sales message upon a completed connection to Plaintiff's cellular telephone.

42.     On or about the time period of June 21, 2021 and July 31, 2021 Plaintiff received twenty-five (25) individual telemarketing calls from Defendants, all through the use of an automated system for the selection or dialing of telephone numbers and all featuring a prerecorded message.

43.     Upon Defendants' dialing equipment establishing a connection, or in other words, when Plaintiff awansered the calls, each call automatically played a prerecorded message soliciting Defendants' solar panel products and services.

44.      To transmit the above telephonic sales calls, Defendants used equipment which has the capacity to generate random telephone numbers using a random or sequential number generator, and dial such numbers, *en masse* -

---

[4] Plaintiff registered the 2233 number on the DNC on December 11, 2011.

without any human intervention, and in fact, Defendants used such equipment to dial Plaintiff's cellular telephone number.

45.     Plaintiff never provided Defendants with any form of consent, including express written consent that authorized Defendants to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

46.     Plaintiff never provided Defendants with any form of consent, including express written consent authorizing Defendants to transmit telephonic sales calls to Plaintiff's cellular telephone number that after establishing a connection play a recorded message through the use of an artificial voice.

47.     When a connection was established between Defendants' dialing equipment and Plaintiff's cellular telephone, either by Plaintiff answering the call or Plaintiff's voicemail completing the connection,  there would be a silence, with click or beep tone, then, rather than a live operator coming on the line,  a prerecorded, robotic sounding voice message would play promoting Defendants' products and services with promotional messages stating that Defendant Solar's products could "save you thousands on utility payments"

48.     Occasionally, Plaintiff would not answer the calls out of frustration and send them to voicemail. Nonetheless, Defendant Solar would still play a

14

prerecorded message when a connection was completed through Plaintiff's

voicemail service. For example, the Defendant Solar sent the following

prerecorded voice message to Plaintiff's voicemail box on July 4, 2021 at 12:46

PM:



49.    As illustrated by the above screenshot, the purpose of the Defendant

Solar's telemarketing sales calls was to solicit its goods and services. One example

of Defendants' telemarketing pitch outlined above advertised "zero upfront

costs."

15

50.      In an attempt to dupe Plaintiff into purchasing Defendants' products and services Defendants' prerecorded messages  spuriously stated that they [Defendants] were calling because they "saw" Plaintiff inquired about "going solar."

51.      Plaintiff has never inquired about "going solar" has never asked to be contacted about solar panels or related services by telephone or otherwise, and in fact does not own a home that would provide the possibility for Plainitff to use Defendant's products; all of which further demonstrates that Defendants used a automated system for the selection or dialing of telephone numbers in placing the calls to Plaintiff's cellular telephone.

52.      Each call illustrated above, and all of the calls alleged in this Complaint, played a recorded message using an artificial or prerecorded voice message when a connection to Plaintiff's cellular telephone was established.

53.      On or about July 2, 2021 out of frustration and with the intention of stopping Defendants' harassing robocalls, Plaintiff sent Defendants a letter by regular mail notifying Defendants that the calls being placed to Plaintiff's cellular telephone were unwanted, intrusive and in direct violation of the TCPA and FTSA and requested Defendants stop calling.

54.     Despite Plaintiff's attempt to halt Defendants' unsolicited telemarketing calls, the calls still persisted.

55.     Not only did the calls persist but they began coming from multiple long code numbers and/or spoofed numbers in an attempt to dupe Plaintiff to answer the relentless telemarketing calls.

56.     For example, Plaintiff received the following calls from Defendants on 1.) July 12, 2021 at 12:16 PM and July 14, 2021 at 11:23 AM, *after* the failed attempt to discontinue the tortious calls:



57.     The telemarketing sales calls at issue in this action originated from multiple long code and/or spoofed numbers, including, but not limited to: 1.) 4432321585 2.) 4433231953 3.) 2402647306 4.) 4105792096; 5.) 4105791675 6.)8135924526; and, 7.) 4433834876

58.     Upon information and belief, the long code numbers cited ¶ 58 of this Complaint are owned, maintained, and/or operated by Defendants.

59.     Plaintiff is the sole subscriber and regular user of the 2233 Number and is financially responsible for telephone service to the 2233 Number.

60.     The 2233 Number is for personal use  and is not associated with a business.

61.     Plaintiff has never done business with Defendants, has never inquired about their products and never provided prior express written consent to Defendant's place autodialed calls featuring a recorded voice to solicit their products

62.     Upon information and belief, Defendants and/or their agents lack a sufficiently adequate system for limiting autodialed and/or precored calls to cellular phones for which it does not have prior express permission to call.

63.     Defendants' calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services.

64.     Upon information and belief, Defendants fail to maintain a list of persons who request not to receive telephonic sales calls.

65.      The generic and repetitive nature of Defendants' prerecorded telemarketing calls, combined with the large number of calls, the random nature

of the calls, the lack of an immediate connection when the calls were answered, an audible pause and click when the calls were answered and the use of multiple long code numbers and/or spoofed numbers in making the calls demonstrates that Defendants utilized an automated system for the selection or dialing of Plaintiff's telephone number which when connected played a recorded voice message featuring an artificial voice promoting Defendants' goods and services.

66.    Defendants' unsolicited calls caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. The relentless calls also caused inconvenience and disruption to Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's cellular telephone.

67.    Defendants hounded Plaintiff with persistent calls, including early in the morning and late at night, during the week. Plaintiff was at home when many of the calls were received,  which resulted in an audible sound, *e.g.*, the constant ringing of Plaintiff's cellular telephone, which caused a disturbance of the domestic peace of Plaintiff's home and invaded Plaintiff's privacy on a daily basis for over two months.

68.     Moreover, Plaintiff was woken up from her sleep on numerous occasions as a result of Defendants' persistent calls and suffered from headaches and exhaustion as a result.

69.     Defendants Solar Energy World, LCC  and Defendant Geoff Mirkin knowingly and/or wilfully  made or caused each and every call relevant to this case.

## CLAIMS

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227(b)
## (Against Defendant Solar Energy World, LLC.)

70.      Plaintiff  repeats and incorporates by reference ¶ ¶ 1–69.

71.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

72.     Defendant Solar Energy World, LLC.– or third parties directed by Solar Energy World, LLC. – transmitted calls using an artificial or prerecorded voice to the cellular telephone number of Plaintiff.

73.    These calls were made without regard to whether or not Defendant Solar Energy World, LLC had first obtained express permission from Plaintiff to make such calls.

74.    Defendant Solar Energy World, LLC did not have prior express consent to call the cellular telephone of Plaintiff when the calls were made.

75.    Defendant Solar Energy World, LLC. has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent.

76.    Defendant Solar Energy World, LLC knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent.  The violations were therefore willful or knowing.

77.    Defendant Solar Energy World, LLC.'s calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

21

78.     As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

79.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Solar Energy World, LLC for the following:

    a.  Injunctive relief prohibiting violations of the TCPA by DefendantSolar Energy World, LLC in the future;

    b.  Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B)

    c.  Such other relief as this Court deems just and proper.

### COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (Against Defendant Geoff Mirkin)

22

90.     Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

91.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

92.     Defendant Geoff Mirkin.– or third parties directed by Defendant Geoff Mirkin– transmitted calls using an artificial or prerecorded voice to the cellular telephone number of Plaintiff.

93.     These calls were made without regard to whether or not Defendant Geoff Mirkin had first obtained express permission from Plaintiff to make such calls.

94.     In fact, Defendant Geoff Mirkin did not have prior express consent to call the cellular telephone of Plaintiff when the calls were made.

95.     Defendant Geoff Mirkin has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent.

96.    Defendant Geoff Mirkin knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent.  The violations were therefore willful or knowing.

97.    Defendant Geoff Mirkin's calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

98.    As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

99.    Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Geoff Mirkin for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant Geoff Mirkin in the future;

b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B)

c. Such other relief as this Court deems just and proper.

## **COUNT III**
### **Violations of the TCPA, 47 U.S.C. § 227(c)**
### **(Against Defendant Solar Energy World, LLC.)**

100.   Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

101.   The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

25

102.   47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[5]

103.   Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may "may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

104.   Defendant Solar Energy World, LLC violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephonic solicitations to the cellular telephone of Plaintiff which at all times relevant to this matter was listed on the National Do Not Call Registry.

105.   Defendant Solar Energy World, LLC further violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant Solar Energy World, LLC  in violation of 47 C.F.R. § 64.1200, as described above.

---

[5] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

106.   Defendant Solar Energy World, LLC knew or or should have known that Plaintiff's cellular telephone was, at all times relevant to this matter, listed on the National Do Not Call Registry. The violations were therefore willful or knowing.

107.   Defendant Solar Energy World, LLC's calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

108.   As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

109.   Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Solar Energy World, LLC for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant Solar Energy World, LLC in the future;

b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B); and,

c. Such other relief as this Court deems just and proper.

### COUNT IV
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (Against Defendant Geoff Mirkin)

110.    Plaintiff repeats and incorporates by reference ¶¶ 1–69.

111.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

112.   47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[6]

113.   Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may "may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

114.   Defendant Geoff Mirkin violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephonic solicitations to the cellular telephone of Plaintiff which at times relevant to this matter was listed on the National Do Not Call Registry.

115.   Defendant Geoff Mirkin further violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant Geoff Mirkin in violation of 47 C.F.R. § 64.1200, as described above.

---

[6] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

116.    Defendant Geoff Mirkin knew or or should have known that Plaintiff's cellular telephone was at all times relevant to this matter, listed on the National Do Not Call Registry. The violations were therefore willful or knowing.

117.     Defendant Geoff Mirkin's calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

118.    As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

119.    Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Geoff Mirkin. for the following:

    a.  Injunctive relief prohibiting violations of the TCPA by

        Defendant Geoff Mirkin. in the future;

30

b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B); and,

c. Such other relief as this Court deems just and proper.

## COUNT V
### Violations of the FTSA, Fla. Stat. § 501.059(8)(a)
### (Against Defendant Solar Energy World, LLC)

120.    Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

121.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

123.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

31

124.   "Prior express written consent" means an agreement in writing that:

1.   Bears the signature of the called party;

2.   Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a pre recorded voicemail;

3.   Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and,

4.   Includes a clear and conspicuous disclosure informing the called party that:
    a.   By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and,

    b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

125.   Defendant Solar Energy World, LLC.– or third parties directed by

Defendant Solar Energy World, LLC – made and/or knowingly allowed the

telephonic sales calls alleged herein to be made to the cellular telephone number of Plaintiff and played a recorded message when a connection was completed.

126.    These calls were made without regard to whether or not Defendant Solar Energy World, LLC had secured prior express written consent from Plaintiff to make such calls. In fact, Defendant Solar Energy World, LLC failed to secure prior express written consent to make and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff and play a recorded message when a connection was completed when the calls were made.- in direct violation of the FTSA.

127.    Defendant Solar Energy World, LLC has, therefore, violated § § 501.059(8)(a) of the FTSA by make and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff and playing a recorded message when a  connection was completed without prior express written consent.

128.    Defendant Solar Energy World, LLC knew that it did not have prior express written consent to make these calls, and knew or should have known that it was making and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff and playing a recorded message when a connection

was completed without prior express written consent. The violations were therefore willful or knowing.

129.    Defendant Solar Energy World, LLC.'s calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

130.   As a result of the aforementioned violations of the FTSA, Plaintiff is entitled to a minimum of $500.00 in damages for each violation or up to $1,500 in damages for each call in knowing/willful violation of the FTSA,  pursuant to Fla. Stat. § 501.059

131.    Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Solar Energy World, LLC for the following:

a.  Injunctive relief prohibiting violations of the FTSA by Defendant Solar Energy World, LLC in the future;

b.  Statutory damages of $500.00 for each and every call made in negligent violation of the FTSA or $1,500 for each and every call made in willful violation of the FTSA , pursuant to Fla. Stat. § 501.059(10)(a); and,

c.  Such other relief as this Court deems just and proper.

<u>**COUNT VI**</u>
**Violations of the FTSA, Fla. Stat. § 501.059(8)(a)**
**(Against Defendant Geoff Mirkin)**

132.   Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

133.   It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

134.   A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

135.   "Prior express written consent" means an agreement in writing that:

1.   Bears the signature of the called party;

2.   Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a pre recorded voicemail;

3.   Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and,

4.   Includes a clear and conspicuous disclosure informing the called party that:

   a.   By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and,

   b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

136.    Defendant Geoff Mirkin.– or third parties directed by Defendant Geoff Mirkin.– made and/or knowingly allowed the telephonic sales calls alleged herein to be made to the cellular telephone number of Plaintiff and played a recorded message when a connection was completed.

137.    These calls were made without regard to whether or not Defendant Geoff Mirkin had secured prior express written consent from Plaintiff to make such calls.

138.    Defendant Geoff Mirkin failed to secure prior express written consent to make and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff and play a recorded message when a connection was completed when the calls were made.- in direct violation of the FTSA.

139.    Defendant Geoff Mirkin has, therefore, violated Section 501.059(8)(a) of the FTSA by making and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff and playing a recorded message when a  connection was completed without prior express written consent.

140.    Defendant Geoff Mirkin knew that it did not have prior express written consent to make these calls, and knew or should have known that it was making and/or knowingly allow to be made telephonic sales calls to the cellular

telephone of Plaintiff and playing a recorded message when a connection was completed without prior express written consent. The violations were therefore willful or knowing.

141.   Defendant Geoff Mirkin's calls caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

142.   As a result of the aforementioned violations of the FTSA, Plaintiff is entitled to a minimum of $500.00 in damages for each violation. or up to $1,500 in statutory damages for each call in knowing/willful violation of the FTSA, pursuant to Fla. Stat. § 501.059

143.   Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Geoff Mirkin for the following:

      a.   Injunctive relief prohibiting violations of the FTSA by Defendant Geoff Mirkin in the future;

    b.  Statutory damages of $500.00 for each and every call made in negligent violation of the FTSA or $1,500 for each and every call made in willful violation of the FTSA , pursuant to Fla. Stat. § 501.059(10)(a); and,

    c.  Such other relief as this Court deems just and proper.

## COUNT VII
### Violations of the FTSA, Fla. Stat. § 501.059(8)(a)
### (Against Defendant Solar Energy World, LLC)

144.   Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

145.   It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

146   A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

147.   "Prior express written consent" means an agreement in writing that:

1.   Bears the signature of the called party;

2.   Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a pre recorded voicemail;

3.   Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and,

4.   Includes a clear and conspicuous disclosure informing the called party that:

    a.   By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and,

    b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

148.    Defendant Solar Energy World, LLC.– or third parties directed by Defendant Solar Energy World, LLC – made and/or knowingly allowed to make telephonic sales calls to Plaintiff utilizing an automated system for the selection or dialing of telephone numbers.

149.    These calls were made without regard to whether or not Defendant Solar Energy World, LLC had secured prior express written consent from Plaintiff to make such calls.

150.    Defendant Solar Energy World, LLC  failed to secure prior express written consent to make and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff utilizing an automated system for the selection or dialing of telephone numbers.

151.    Defendant Solar Energy World, LLC has, therefore, violated § § 501.059(8)(a) of the FTSA by make and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff utilizing an automated system for the selection or dialing of telephone numbers without prior express written consent.

152.    Defendant Solar Energy World, LLC. knew that it did not have prior express written consent to make these calls, and knew or should have known that it was making and/or knowingly allow to be made telephonic sales calls to the

41

cellular telephone of Plaintiff utilizing an automated system for the selection or dialing of telephone numbers, without prior express written consent. The violations were therefore willful or knowing.

153    Defendant Solar Energy World, LLC's calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

154.   As a result of the aforementioned violations of the FTSA, Plaintiff is entitled to a minimum of $500.00 in damages for each violation or up to $1,500 in damages for each call in knowing/willful violation of the FTSA,  pursuant to Fla. Stat. § 501.059.

155.   Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Solar Energy World, LLC for the following:

> a.   Injunctive relief prohibiting violations of the FTSA by
> Defendant Solar Energy World, LLC in the future;

42

b. Statutory damages of $500.00 for each and every call made in negligent violation of the FTSA or $1,500 for each and every call made in willful violation of the FTSA , pursuant to Fla. Stat. § 501.059(10)(a); and,

c. Such other relief as this Court deems just and proper.

### COUNT IX
### Violations of the FTSA, Fla. Stat. § 501.059(8)(a)
### (Against Defendant Geoff Mirkin)

156.  Plaintiff repeats and incorporates by reference ¶ ¶ 1–69.

157.  It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

158.  A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

159.   "Prior express written consent" means an agreement in writing that:

1.   Bears the signature of the called party;

2.   Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a pre recorded voicemail;

3.   Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and,

4.   Includes a clear and conspicuous disclosure informing the called party that:
   a.   By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and,
   b.   He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

160.   Defendant Geoff Mirkin– or third parties directed by Defendant Geoff Mirkin– made and/or knowingly allowed to be made the telephonic sales calls to Plaintiff utilizing an automated system for the selection or dialing of telephone numbers.

44

161.    These calls were made without regard to whether or not Defendant Geoff Mirkin had secured prior express written consent from Plaintiff to make such calls.

162.    Defendant Geoff Mirkin failed to secure prior express written consent to make and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff utilizing an automated system for the selection or dialing of telephone numbers.

163.    Defendant Geoff Mirkin has, therefore, violated Section 501.059(8)(a) of the FTSA by making and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff utilizing an automated system for the selection or dialing of telephone numbers.

164.    Defendant Geoff Mirkin knew that it did not have prior express written consent to make these calls, and knew or should have known that it was making and/or knowingly allow to be made telephonic sales calls to the cellular telephone of Plaintiff utilizing an automated system for the selection or dialing of telephone numbers without prior express written consent. The violations were therefore willful or knowing.

165.    Defendant Geoff Mirkin's calls caused Plaintiff  actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance

45

and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

166.    As a result of the aforementioned violations of the FTSA, Plaintiff is entitled to a minimum of $500.00 in damages for each violation. or up to $1,500 in statutory damages for each call in knowing/willful violation of the FTSA, pursuant to Fla. Stat. § 501.059.

167.    Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jacquelyn Zimmerman demands a jury trial on all claims so triable, and judgment against Defendant Geoff Mirkin for the following:

a.   Injunctive relief prohibiting violations of the FTSA by Defendant Geoff Mirkin in the future;

b.   Statutory damages of $500.00 for each and every call made in negligent violation of the FTSA or $1,500 for each and every call made in willful violation of the FTSA , pursuant to Fla. Stat. § 501.059(10)(a); and,

c.   Such other relief as this Court deems just and proper.

46

## JURY DEMAND

168.   Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

169.   Plaintiff demands that Defendants take affirmative steps and affirmative measures to retain, collect, and ensure that no potentially relevant documents, records, or information (including electronic information) are inadvertently altered, lost, or destroyed. Plaintiff further demands that Defendants shall preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Plaintiff and the communication or transmittal of the calls as alleged herein.

Dated: November 8, 2021

Respectfully Submitted,

*/s/ Jacquelyn Zimmerman*
**JACQUELYN ZIMMERMAN**
*Pro se Plaintiff*
4515 31 Place, East
Palmetto, FL 34221
Tel.: (941) 702 -4577
Email: qente28@gmail.com

## CERTIFICATE OF SERVICE

47

**I HEREBY CERTIFY** that on November 8, 2021 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Which when entered by the Clerk will generate notices of filing to any party or individual who has requested to receive notices for this case. **I FURTHER CERTIFY** that on this 8th day of November, 2021, a true and correct copy of the forgoing document was mailed to Defendant Solar and Defendant Mirkin in the manner specified in the below service list.

By: */s/ Jacquelyn Zimmerman*
Jacquelyn Zimmerman

## SERVICE LIST

**Jacquelyn Zimmerman v. Solar Energy World, LLC *et al*.**

**United States District Court, Middle District of Florida**

Solar Energy World, LLC
201 Kelsey Lane
Tampa, Florida 33619
Tel. 866.856.4580.
Email.: info@solarenergyworld.com

-and-

Geoff Mirkin
930 Rockborn Street
Gaithersburg, Maryland 20878
Tel. 866.856.4580.
Email.: info@solarenergyworld.com

48

*Defendants*

*Service via Personal Service,  U.S. Mail and E-Mail*